*832 MEMORANDUM **
Plaintiff Kelly Johnson appeals the district court’s summary judgment ruling in favor of Defendant Mitsubishi Digital Electronics Association on his California express warranty, fraudulent concealment, unfair competition, and unjust enrichment claims. Plaintiffs claims arise out of Mitsubishi’s marketing of high-definition televisions as “1080p.” We have jurisdiction pursuant to 28 U.S.C. § 1291. For the following reasons, we affirm.
First, Plaintiff’s express warranty claim fails to the extent it is based on his television’s “Embedded Software” warranty. No record evidence supports Plaintiffs claim that his television’s inability to process a native 1080p signal through its HDMI ports is software-related. To the extent this claim is based on Mitsubishi’s use of the phrase “1080p” to describe Plaintiffs television, under Cal. Com.Code § 2813, it also fails. Notwithstanding counsel’s argument to the contrary, Plaintiffs television satisfies his expert’s definition of 1080p, insofar as it is ready to receive a native 1080p signal through its antenna if and when broadcasters begin transmitting in 1080p. Plaintiffs belated reliance on the television’s “Parts” warranty is unavailing, as he never invoked that warranty below. See Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1029, 1031 (9th Cir.2001) (holding that a district court need not “comb the record to find some reason to deny a motion for summary judgment,” particularly “where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found”); Harik v. Cal. Teachers Ass’n, 326 F.3d 1042, 1052 (9th Cir.2003) (noting that “we do not ordinarily consider on appeal issues not raised below”).
Second, Plaintiffs fraudulent concealment claim fails because he has not established either that Mitsubishi concealed material information or that he would not otherwise have bought his television. See Hahn v. Mirda, 147 Cal.App.4th 740, 54 Cal.Rptr.3d 527, 532 (2007). Mitsubishi did not conceal the fact that the HDMI ports on Plaintiff’s television could not accept a native 1080p signal, nor was this capability relevant to Plaintiff when he purchased his television. Plaintiff wanted a 1080p television and, as discussed above, that is what he got.
Third, Plaintiffs unfair competition claim fails because he lacks standing. In order to have standing to bring a claim under California’s Unfair Competition Law (“UCL”), Cal. Bus. & ProfCode §§ 17200-17210, a plaintiff must have “suffered injury in fact and lost money or property as a result of the unfair competition.” Cal. Bus. & Prof.Code § 17204. If one gets the benefit of his bargain, he has no standing under the UCL. See, e.g., Hall v. Time, Inc., 158 Cal.App.4th 847, 70 Cal.Rptr.3d 466, 471 (2008); Medina v. Safe-Guard Prods., Int’l, Inc., 164 Cal.App.4th 105, 78 Cal.Rptr.3d 672, 678 (2008); Peterson v. Celico P’ship, 164 Cal.App.4th 1583, 80 Cal.Rptr.3d 316, 322 (2008). Here, Plaintiff sought the best 1080p television available at the time, for the best price. The record shows that he got the benefit of his bargain. Plaintiffs unjust enrichment claim fails for the same reasons. See Peterson, 80 Cal.Rptr.3d at 324 (refusing to permit the plaintiffs, who lacked standing to pursue their claim under the UCL, “to pursue their claim under the label ‘unjust enrichment,’ ” because doing so “would allow them to circumvent the law and public policy reflected in ... section 17204’s man *833 date that only an injured plaintiff may assert a private right of action under the UCL”).
Finally, we reject Plaintiffs argument that the district court erroneously denied his request to continue the hearing on Mitsubishi’s summary judgment motion in order to conduct additional discovery. The Federal Rules of Civil Procedure empower a district court to allow additional discovery on summary judgment “[i]f a party opposing the [summary judgment] motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition.” Fed.R.Civ.P. 56(f) (emphasis added); accord Qualls ex rel. Qualls v. Blue Cross of Cal, Inc., 22 F.3d 839, 844 (9th Cir.1994); VISA Int’l Serv. Ass’n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir.1986). Here, Plaintiffs vague references to “discovery disputes” and the need to “accumulate evidence” were insufficient to satisfy Rule 56(f)’s specificity requirement. Even on appeal, Plaintiff has not specifically identified the evidence he needed to obtain in order to adequately oppose Mitsubishi’s motion. The district court therefore did not abuse its discretion. Qualls, 22 F.3d at 844.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.